**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Civil Action No.: 07-2295 (FSH) |
| S.A. HOLDING CO., L.L.C. <br> DELILAH'S DEN OF S.A., INC. <br> 86 BROAD ST. CORP. | : <br> : <br> : | **OPINION & ORDER** |
| Debtors/Appellants. | : | May 30, 2007 |

This matter having come before this Court upon Debtors/Appellants S.A. Holding Co., L.L.C., Delilah's Den of S.A., Inc. and 86 Broad Street Corp. ("Debtors") Order to Show Cause for a Stay Pending Appeal, and the Court having reviewed the parties' submissions[1] pursuant to Fed. R. Civ. P. 78; and

it appearing that Debtors seek a stay, pursuant to Fed. R. Bankr. P. 8005, of the Bankruptcy Court's May 2, 2007 decision compelling Debtors to close their business ("Closure Order"); and

it appearing that the parties to this action are currently before this Court on another appeal (Civil Docket No. 07-944), which seeks relief from an order denying Debtors' motion pursuant to 11 U.S.C. § 365 ("Rejection Order") to reject an amendment to a settlement agreement between the City of South Amboy and S.A. Holding Co., L.L.C., as an executory agreement; and

it appearing that the Closure Order is predicated on the Bankruptcy Court's decision in the Rejection Order; and

---

[1] Debtors/Appellants sought by way of an email to the Court's deputy clerk to file a reply brief in this matter; the Court hereby denies such request.

it appearing that a court must consider the following four factors when ruling on an application for a stay pending appeal: (1) whether the appellant is likely to succeed on the merits of the appeal; (2) whether the appellant will suffer irreparable injury if the stay is not granted; (3) whether a stay would substantially harm other parties in the litigation; and (4) whether a stay is in the public interest, see Family Kingdom, Inc. v. EMIF New Jersey Limited Partnership, 225 B.R. 65, 69 (D.N.J. 1998); and

it appearing that these factors should not be rigidly applied, but require a determination based on the individual circumstances of a particular case, see, e.g., Hilton v. Braunskill, 481 U.S. 770, 777 (1987); and

it appearing that where one factor weighs particularly strongly in favor of the movant, it may reduce the need for other factors to weigh as strongly in favor of the movant, see, e.g., Baker v. Adams County/Ohio Valley Sch. Bd., 310 F.3d 927, 928 (6th Cir.2002) ("The strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue."); Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir.1991) ("As the balance tips away from the [movant on its showing of irreparable harm], a stronger showing on the merits is required."); and

it appearing that it "is well-settled that the decision of whether to grant or lift a stay is committed to the sound discretion of the court," In re Blackwell, 162 B.R. 117, 119 (E.D. Pa. 1993); and

it appearing here that the potential for immediate and irreparable injury to the appellant is very strong, as the Closure Order would require Debtors to cease all business operations on June

1, 2007; and

    it appearing that the other factors do not weigh strongly against the granting of a stay;

    **IT IS** on this 30th day of May, 2007,

    **ORDERED** that the Closure Order is stayed until a decision has been reached by this Court on the pending appeal. The Court anticipates that the stay will be of short duration, as it expects to deal with the pending appeal in an expedient manner.

    /s/ Faith S. Hochberg
    Hon. Faith S. Hochberg, U.S.D.J.